DAUKSCH, Chief Judge.
This is an appeal from an order estreat-ing an appearance bond. David Moody was in arrears in payment of support money to his wife and after a contempt citation was served upon him he was held in jail until he posted a $1,000.00 appearance bond. The bail bond was in accordance with a court order which permitted his release upon the posting of it. The bond was posted by a surety company, Accredited Surety & Casualty Co., Inc., through its agent, Karlton M. King.
The order permitting his release provided “Upon posting bond in the amount of $1,000.00, David Lamar Moody is to be released from confinement in the Brevard County Jail and present himself before the Circuit Court at a hearing to be designated later.” He was also required to provide his address so he could be notified. The same day the order was dated, the bonding company issued the bond and Moody was released. The bond also provided Moody was obligated to appear when the court notified him to do so.
Moody was notified later to appear at a hearing on November 4, 1977. Moody appeared, was adjudicated in contempt and sentenced. A provision for his being allowed to purge himself of the contempt by payments toward satisfying the arrearage was contained in the contempt order.
Moody was later ordered to appear again on an allegation he was not making the payments required of him in the order allowing him to purge himself of his contempt. He failed to appear at that January 9, 1979 hearing. That latest order to appear was issued on December 19, 1978 and alleged a violation of the November 4,1977 contempt order. When Moody failed to appear on January 9,1979, the bond subject of this appeal was estreated.
The question on appeal is whether the conditions of the appearance bond were met when Moody appeared on November 4,1977 or was the surety under an obligation for an indeterminate time after the contempt order of November 4, 1977, until at least the arrearages in support were satisfied and Moody had purged himself of his contempt. It is our opinion the order of August 5, 1977, required one appearance “at a hearing to be designated later” and the conditions of the bond were satisfied when Moody appeared at the next hearing when notified — November 4, 1977.
The order allowing Moody’s release only required one appearance and the bondsman was obligated under his bond to see that Moody appeared. When he appeared, the matter was essentially terminated even though the court permitted Moody to put off his ninety day jail sentence so long as he continued to make his support payments and the additional payments towards the *306 arrearages. To require the surety to be obligated for an indeterminate period, years in the future[1] in cases such as these, would be a burden upon the surety he certainly did not bargain for.
The order of estreature is reversed and this cause is remanded for an order releasing the surety from the obligation of its bond.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.

. Moody was ordered to pay $20.00 per week to satisfy a $7,102.00 arrearage. That would take over six years, not to mention the provision in the order requiring a continuation of the support payments; the record does not reflect the ages of the children but the youngest was less than two years old when the 1973 dissolution judgment was rendered.